UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03008-RGK (PJWx) | Date | September 26, 2013 |
|---|---|---|---|
| Title | *SMYTH et al. v. CHINA AGRITECH, INC. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Victor van de Reijt Holding BV's Motion for Appointment As Lead Plaintiff (DE 4); Plaintiff Kim Group's Motion for Appointment As Lead Plaintiff (DE 5); Plaintiff Kim Group's Motion for Class Certification (DE 87); Defendant Agritech's Motion to Strike Class Allegations from Plaintiffs' Amended Complaint (DE 82)

## I.    INTRODUCTION

On July 18, 2013, investor Kevin Smyth and a group consisting of Te Gyun Kim, Premium Alliance Investment Limited, San Chul Han, HSP Investment Limited, and Seung Ho Lee ("Kim Group") (collectively "Plaintiffs") filed an Amended Class Action Complaint ("Amended Complaint") against China Agritech, Inc. ("Agritech") and present and former members of the company's executive management team and board of directors ("Individual Defendants") (collectively "Defendants"). Plaintiffs allege violations of: (1) Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act") and Securities and Exchange Commission Rule 10b-5 against Defendants; and (2) Section 20(a) of the 1934 Act against Individual Defendants. The Amended Complaint is substantially similar to the complaint filed in this Court in *Dean v. China Agritech, Inc.*, CV 11-01331 RGK (PJW), which the Court dismissed on September 20, 2012 following a settlement by the named parties. Kim Group had earlier signed a lead plaintiff certification in *Dean*, but did not seek appointment as lead plaintiff until December 7, 2012, in *Smyth*. This action was transferred from the District of Delaware on April 19, 2013.

On December 7, 2012, Victor van de Reijt Holding BV, a third party, filed a motion in the District of Delaware for Appointment as Lead Plaintiff. That day, Plaintiff Kim Group also filed a Motion for Appointment as Lead Plaintiff. On August 5, 2013, Plaintiff Kim Group filed a Motion for Class Certification. On the same date, Defendant Agritech filed a Motion to Dismiss the Amended Complaint and a Motion to Strike the Class Allegations. Presently before the Court are the Motions for Appointment as Lead Plaintiff, Plaintiff Kim Group's Motion for Class Certification, and Defendant Agritech's Motion to Strike Class Allegations.

For the following reasons, the Court **DENIES** without prejudice both Motions for Appointment as Lead Plaintiff. The Court **DENIES** Plaintiff Kim Group's Motion for Class Certification. In light of the above, the Court removes Defendant's Motion to Strike Class Allegations from the calendar.

## II.     FACTUAL BACKGROUND

Plaintiffs are investors who purchased Agritech common stock between November 12, 2009 and March 11, 2011 ("Class Period"). Agritech is a holding company incorporated in the State of Delaware, with its principal place of business in Beijing, China. Agritech purports to manufacture and sell organic compound fertilizers and related agricultural products. Plaintiffs claim they purchased Agritech stock on the basis of revenue and net-income figures for the years 2008 and 2009. They assert that the net-income figures Agritech declared in mandatory filings with the Securities and Exchange Commission ("SEC") were false and fraudulent, and that Agritech substantiated these filings with false versions of audit certifications required under the Sarbanes-Oxley Act of 2002. Plaintiffs further claim that:

- Agritech overstated fiscal-year 2009 revenues by 900 percent and net income by 536 percent.
- Defendants maintained separate sets of financial records, reporting one set of figures to the SEC and another, generally less favorable set to the corresponding Chinese regulatory authority.
- Agritech engaged in at least one related-party transaction, purchasing significant quantities of supplies from a company that was 90 percent owned by Agritech's chief executive officer, Individual Defendant Yu Chang.

A series of negative analyst reports appeared in the media beginning on February 3, 2011, questioning Agritech's financial statements and its methods of operation. Subsequently, Agritech's share price fell from $10.78 at the beginning of the Class Period to $6.88 on March 14, 2011, three days after the Class Period ended, when NASDAQ halted trading of Agritech common stock. By June 21, 2011, the share price for the delisted stock had declined to $1.55. Plaintiffs claim they sustained millions of dollars in losses as a result.

The Court considered a similar complaint in *Dean v. Agritech, Inc.* In that case, the Court denied Defendants' Motion to Dismiss on grounds that the *Dean* plaintiffs had adequately alleged a claim to relief. After the Court denied the *Dean* plaintiffs' Motion for Class Certification, the *Dean* parties settled.

## III.    JUDICIAL STANDARD

### A.    Motion for Class Certification

A plaintiff seeking class certification bears the burden of demonstrating that it has met all of the requirements for a class action under Federal Rules of Civil Procedure 23(a) and 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Supreme Court has observed that Rule 23 "does not set forth a mere pleading standard" but requires an affirmative demonstration of compliance with the Rule's requirements. *Id.* Thus, the plaintiff must offer facts supporting each requirement, and the trial court may certify a class only after a "rigorous analysis." *Id.* Some courts equate this standard of analysis with the "preponderance of the evidence" standard. *See, e.g.*, *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

Rule 23(a) permits one or more members of a class to sue as representative parties on behalf of a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are

questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These threshold requirements are also known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

In addition to meeting the threshold requirements of Rule 23(a), a plaintiff must also satisfy at least one of the three requirements of Rule 23(b). Rule 23(b) provides that a class action may be maintained where: (1) prosecuting separate actions would create a risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other class members who are not parties to those adjudications; (2) the party opposing the class has refused to act on grounds that apply generally to the class; or (3) the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When considering a motion to strike, the court must view the challenged pleading in "the light more favorable to the pleader." *Clark v. State Farm Mut. Auto Ins. Co.*, 231 F.R.D. 405, 406 (C.D. Cal. 2005). The pleading will not be stricken unless it "can have no possible bearing upon the subject matter of the litigation." *Id.* (quoting *Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). Moreover, a motion to strike under Rule 12(f) is an inappropriate mechanism for dismissing "some or all of a pleading." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). A party seeking such a determination should instead file a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56. *Id.* Unless and until a court has determined that a class cannot be certified, even conclusory class allegations will survive a motion to strike. *See Clark*, 231 F.R.D. at 407 (where class allegations address each of the elements of Rule 23(a), relate to the subject matter of the litigation, and satisfy the requirements of Rule 12(f), even conclusory statements will suffice to defeat a motion to strike).

Federal Rule of Civil Procedure 23(d)(1)(D) provides an alternative vehicle for amending class allegations. The Rule provides that in putative class actions, courts may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). The advisory committee notes to the rule's predecessor, Rule 23(d)(4), suggest that striking class allegations is proper only after the court has determined that class treatment is fundamentally inappropriate. *See* 28 U.S.C. App., 7767 ("A negative determination [on class certification] means that the action should be stripped of its character as a class action."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 183 n.6 (1974) (Douglas, J., dissenting in part, citing advisory committee note). Thus, as with Rule 12(f), a Motion to Strike under Rule 23(d)(1)(D) is premature if the Court has not yet determined that class certification will never be possible or appropriate.

## IV. DISCUSSION

### A. Class Certification

Plaintiffs contend that they have met all the requirements for class certification. For the reasons outlined below, the Court finds that Kim Group has failed to satisfy the typicality and adequacy prerequisites of Rule 23(a). As a result, the Court need not determine whether Kim Group has also satisfied one of the three requirements of Rule 23(b). Accordingly, the Court denies Plaintiff Kim

Group's Motion for Class Certification.

                1.      *Kim Group Fails to Satisfy the Prerequisites of Rule 23(a)*

For the Court to grant a motion for class certification, Plaintiffs must demonstrate that they satisfy Rule 23(a)'s four requirements: (1) numerosity, (2) commonality; (3) typicality; and (4) adequacy of representation. *Wal-Mart Stores*, 131 S. Ct. at 2548. The parties do not dispute that Kim Group satisfies the numerosity and commonality requirements. Defendant argues, however, that Kim Group has failed to offer facts sufficient to show either typicality or adequacy. Specifically, it asserts that Kim Group (1) is subject to unique defenses that render it atypical of the class; and (2), has not demonstrated that it will vigorously prosecute this case on behalf of the class. The Court agrees and considers typicality and adequacy in turn.

                a.      *Kim Group Has Failed to Establish Its Typicality Because It May Be Subject to a Unique Claim Preclusion Defense*

A class representative may satisfy the typicality requirement if its claims or defenses are similar to those of the class, even if they are not identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-20 (9th Cir. 1998). Typicality "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataprod. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)). A proposed class representative's motion for class certification should not be granted "if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* The typicality inquiry "does not demand proof that a unique defense will ultimately defeat the class representative's claims. Instead, it asks only whether plaintiff is likely to be preoccupied with litigating the defense to the detriment of the class as a whole." *Cholakyan v. Mercedes-Benz USA, LLC*, 281 F.R.D. 534, 537 (C.D. Cal. 2012). See also *J. H. Cohn & Co. v. Am. Appraisal Assoc., Inc*., 628 F.2d 994, 999 (7th Cir. 1980) ("[E]ven an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." ).

Defendant argues that Kim Group's prior relationship with the *Dean* plaintiffs may subject them to unique defenses, such as claim preclusion, that defeat typicality. Kim Group has failed to persuade the Court that unique defenses will not be a major focus of the litigation.

The claim preclusion doctrine acts to prevent the repeated litigation of a claim once a final judgment has been entered. *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). As a general rule, the doctrine applies against parties to earlier actions, and does not preclude a nonparty to an earlier suit from bringing the same or a similar claim. *Id.* at 892-93. However, the Supreme Court has identified several exceptions to the general rule. Most relevant here, a nonparty may be bound by a judgment "if she 'assume[d] control' over the litigation in which that judgment was rendered." *Id.* at 895. Similarly, a named party bound by a judgment "may not avoid its preclusive force by relitigating through a proxy." *Id.* at 895. Thus, in this case, Kim Group may be bound by the *Dean* settlement—and by the Court's denial of class certification in that earlier case—if it "assumed control" over the *Dean* litigation. Likewise, the *Dean* plaintiffs may not avoid the preclusive force of the earlier settlement and judgment by relitigating through a proxy—on Defendant's theory, the Kim Group.

Defendant may be able to raise a claim preclusion defense on the basis that Kim Group, though a nonparty in *Dean*, controlled the earlier litigation. It is clear that the Kim Group was at least aware of, and willing to participate in, the *Dean* litigation in 2011. The Kim Group signed Lead Plaintiff Certifications in connection with *Dean* but only submitted them in connection with this litigation.

(Aronson Decl., Ex. 3.) The Kim Group constituents assert in each of these documents that they "have reviewed the complaint against [Agritech]" and that they are "willing to serve" as lead plaintiffs. (*See, e.g.*, Aronson Decl., Ex. 3, "Te Gyun Kim Lead Plaintiff Certification" at ¶¶ 1, 3.) Because these certifications were filed in 2011, it is likely that the complaint that the Kim Group asserted it had read was the *Dean* complaint. The evidence that the Kim Group was aware of, and willing to participate in, the *Dean* litigation lends some preliminary factual support to Defendant's claim that Kim Group may be subject to a unique preclusion defense.

Other evidence provides additional support for Defendant's contention. As Defendant notes, the Amended Complaints in both cases contain several identically described findings by the same anonymous investigator. (*See, e.g.*, Pl.'s Am. Compl. at 14, *Dean et al. v. China Agritech, et al.*, No. 2:11-cv-01331-RGK-PJW (C.D. Cal. 2012) ("According to Plaintiffs' investigator, [Agritech] subsidiary Beijing Agritech is an idle factory with no significant operation."); *Smyth* Amended Complaint at 16 (identical statement).) Significantly, the Kim Group acknowledges that this investigator is its "agent." (Pl.'s Mem. in Opp'n to China Agritech's Mot. to Dismiss at 17 ("... the investigator, retained by Plaintiff's counsel, is the plaintiff's agent.") Under common law principles, the sine qua non of agency is control. *See* Restatement (Third) of Agency § 1.01 (2006) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act"). If the anonymous investigator from both cases was subject to the joint control of both the *Dean* plaintiffs and the Kim Group, it raises legitimate questions about whether the two sets of plaintiffs shared control of other aspects of the *Dean* litigation. As *Taylor v. Sturgell* suggests, if the Kim Group exercised control over the earlier litigation, that control may preclude it from litigating claims against the Defendants in this case.

The evidence of shared control of the same anonymous investigator points to another possible theory of claim preclusion. On this second theory, the *Dean* plaintiffs, acting as principals of the Kim Group, may be seeking to relitigate their claims by using Kim Group as a proxy. In support of this theory, Defendant claims Kim Group based its class allegations partly on documents Defendants supplied during discovery in *Dean*, which the *Dean* plaintiffs never returned as required by their settlement. (Opposition at 6; *see also* Settlement Agreement at 5, *Dean v. China Agritech, et al.*, No. 2:11-cv-01331-RGK-PJW (C.D. Cal. 2012) ("*Dean* Settlement").) Thus, Defendant asserts, Kim Group may be acting as the *Dean* plaintiffs' proxy, and its claims would be precluded under *Taylor*.

Plaintiff Kim Group has not produced any facts that tend to rebut Defendant's contention that Kim Group is subject to a unique claim preclusion defense. Instead, Defendant raises two legal arguments in opposition.

First, Plaintiff argues that *Taylor* is inapposite because Kim Group was not a named plaintiff in *Dean*. It is true that the Supreme Court has not specified "the showing required to establish that a nonparty to a prior adjudication has become a litigating agent for a party to the earlier case." *Taylor*, 553 U.S. at 906. And Plaintiff correctly notes that the Supreme Court has emphasized that a "mere whiff of tactical maneuvering will not suffice," and a defendant bears the ultimate burden of pleading and proving a claim-preclusion defense. *Id.* at 906-07. However, as described above, preclusion is appropriate "when a nonparty later brings suit as an agent for a party who is bound by a judgment." *Id.* at 895. A nonparty may also be bound by a judgment "if she 'assume[d] control' over the litigation in which that judgment was rendered." *Id.* Defendant's contentions about Kim Group fit squarely within these two exceptions to the general rule that only parties to a judgment are bound by it.

Second, Plaintiff argues that Defendant's allegations of collusion are purely speculative and that "a disabling unique defense cannot be manufactured on speculation." (Pl.'s Reply Mem. in Supp. of Mot. for Class Certification at 5 ("Reply").) Contrary to Plaintiff's argument, Defendant has pointed to

facts that are consistent with a defense of claim preclusion, without engaging in any discovery in this case. Moreover, whether Defendant will ultimately prevail on its preclusion defense is not at issue at this juncture. What is at issue is Kim Group's ability to vigorously prosecute this action on behalf of the class while responding to defenses that do not apply to the broader class. At the class certification stage defendants do not bear the burden of producing facts that establish their unique defenses; it is enough to show that the named plaintiff is "likely to be preoccupied" with litigating the defense. *Cholakyan*, 281 F.R.D. at 537. The burden of persuading the Court that the defenses will not preoccupy the class representatives to the detriment of the class falls squarely on Plaintiffs, and they have offered nothing more than conclusory statements to rebut Defendant's claims of unique defenses.

In certifying a class, the Court must satisfy itself after a "rigorous analysis" that the party seeking class certification satisfies all of Rule 23(a)'s requirements. *Wal-Mart Stores*, 131 S. Ct. At 2551-52. The Kim Group has failed to persuade the Court that unique defenses would not be a major focus of the litigation if it was a class representative.

### b. *Plaintiffs Have Failed to Establish Adequacy of Representation*

In order to satisfy Rule 23(a)'s adequacy requirement, named plaintiffs and their counsel must not have conflicts of interest with other class members and must be able to prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. The class representative must satisfy the adequacy requirement because unnamed parties to the litigation will be bound by any judgment, and due process is served only if the class representative is capable of protecting the absent class members' interests. *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994). The plaintiff bears "the burden of showing facts that support a finding of adequacy." *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 397 (C.D. Cal. 2008). "Class representatives, and not lawyers, must direct and control the litigation." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001). *See also* S. Rep. No. 104-98 at *6 (1995) (in proposing PSLRA, Congress sought "to empower investors so that they, not their lawyers, control securities litigation.").

This Court harbors concerns about the adequacy of Kim Group and its counsel, the Rosen Law Firm. Plaintiff has not shown that Kim Group is willing to vigorously prosecute this action, and there are troubling, unanswered questions about the extent to which the Rosen Law Firm, rather than its clients, is directing this action. The Court also has concerns about whether the Rosen Law Firm is capable of adequately representing the interests of absent class members.

To satisfy the adequacy requirement, Kim Group must be willing and able to prosecute this action vigorously on behalf of the class. *See Hanlon*, 150 F.3d at 1020. The only evidence bearing on Kim Group's willingness to even participate in this action is the lead plaintiff certifications signed in connection with *Dean*. It is unclear—and Kim Group does not say—how the certifications its members signed twenty-nine months ago in connection with a different case affirmatively demonstrate a present willingness and ability to vigorously litigate this action. (Opposition at 19; *see also* Decl. of Brian D. Long in Supp. of Mot. of Kim Group to Appoint Lead Pl., Ex. 2, *Smyth v. Yu Chang, et al.*, No. 1:12-cv-01262-RGA (D. Del. Dec. 7, 2012)). In response to this concern, Plaintiff purported to attach new declarations to its Reply "evidencing their awareness of this action and awareness of their roles as a representative party." (Reply at 4.) A footnote *in the very same Reply* admits the Rosen Law Firm could not obtain new declarations because the members of the Kim Group were "unavailable." (Reply at 4, n.4.) This anecdote alone gives the Court reason to wonder just how involved the Kim Group is in the prosecution of this action. The Rosen Law Firm's apparent inability to contact its clients also casts doubt on the firm's adequacy as class counsel.

Other troubling facts raise questions about whether the Rosen Firm can adequately represent the interests of absent class members. Defendant correctly notes that ten months after filing *Smyth* in

Delaware, Plaintiffs had served only one defendant: Agritech. (Opposition at 12.) Only after the Court issued two Orders to Show Cause did Plaintiffs belatedly move for leave to serve notice on the nine defendants domiciled abroad by serving notice on their counsel in the United States—a motion this Court denied on August 21, 2013. At best, this shows a lack of engagement on the part of both Kim Group and their counsel.

In sum, Plaintiff's failure to provide evidence that it can fairly and adequately represent the proposed class leads the Court to conclude that Plaintiff has failed to satisfy Rule 23(a)'s adequacy requirement.

### B. Motion to Strike

Defendant has asked this Court to strike the class allegations under Rule 12(f). However, neither Plaintiff nor Defendant directly addresses the requirements of Rule 12(f), which governs motions to strike pleadings. Instead, their arguments largely center on the merits of class certification. These two matters require separate inquiries, however, as the Court may not use a Motion to Strike to resolve disputed factual and legal issues. *See Whittlestone*, 618 F.3d at 973. Here, the analysis is limited to whether Defendant has established, as it must in a motion to strike pleadings, that Plaintiff's allegations are insufficient defenses, redundant, immaterial, impertinent, or scandalous. *Id.* at 973-74.

Ignoring the text of Rule 12(f), Defendant instead proposes three alternative theories for striking the class allegations that largely restate their arguments against class certification: (1) the Court should apply principles of comity based on its denial of class certification in *Dean*; (2) Plaintiffs' submission of new market efficiency evidence would not alter the Court's finding in *Dean* that class certification was improper because the class claims did not predominate; and (3), *Taylor v. Sturgell* precludes claims by absent class members who employ "tactical maneuvering" to bring suit on behalf of a party bound by a prior settlement. All of these arguments involve substantial legal or factual issues; therefore, they cannot be resolved by a Rule 12(f) Motion to Strike. *See Whittlestone*, 618 F.3d at 973 (registering concern that deciding issues under Rule 12(f) could insulate trial court's decision from appellate review).

Even if Rule 12(f) were the proper vehicle for addressing Defendant's comity argument, the argument is without merit. The cases Defendant cites suggest that a court may apply principles of comity to strike class allegations when an action is "materially identical" to a prior action and the reasons for denying class certification apply equally to the iterative case. *See, e.g., Baker v. Microsoft Corp.*, 851 F. Supp. 2d 1274, 1279 (W.D. Wash. 2012). Even if this action is materially identical to *Dean*, it is not clear that the reason the Court denied class certification in *Dean* applies equally to this case. In *Dean* the Court held that Plaintiffs had failed to establish that questions of law or fact common to the class predominated over individual questions, as required under Rule 23(b)(3). That holding was based on a finding that one of the Plaintiffs' own experts had failed to demonstrate market efficiency. Plaintiffs in this action have submitted entirely new expert declarations. Given the different factual showings in each case, it would be improper to decide class certification issues based solely on comity. Having denied Plaintiff's Motion for Class Certification on Rule 23(a) grounds, the Court declines to decide whether Plaintiff satisfies the requirements of Rule 23(b). The Court notes, however, that if Rule 23(b) forms an additional barrier to class certification in this case, it is because the evidence Plaintiffs produced is insufficient to meet their burden under Rule 23(b), not because of principles of comity.

In the alternative, Defendant argues that the Court should strike the class allegations under Rule 23(d)(1)(D), on the basis of alleged collusion between Kim Group and the *Dean* plaintiffs. While there is scant case law addressing when a Rule 23(d)(1)(D) motion is appropriate, what little authority exists suggests that a motion under this rule is premature until a court makes a final determination that class treatment is inappropriate. *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp.2d 1220, 1245-46 (C.D. Cal. 2011). For reasons addressed above, the Court declines to strike class allegations at this

juncture and Defendant's Motion is removed from the calendar.

### C. Motions For Appointment As Lead Plaintiff

Victor van de Reijt Holding BV, a third party, and Plaintiff Kim Group move for appointment as Lead Plaintiff. Because no class has been certified, these motions are premature. Accordingly, they are denied without prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Victor van de Reijt Holding BV's Motion for Appointment As Lead Plaintiff and Plaintiff Kim Group's Motion for Appointment As Lead Plaintiff. The Court **DENIES** Plaintiff's Motion for Class Certification and removes Defendant's Motion to Strike Class Allegations from the calendar.

**IT IS SO ORDERED.**

:

Initials of Preparer